Filed 7/25/13  In re Raul B. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re RAUL B., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D063535 |
| Plaintiff and Respondent, | (Super. Ct. No. NJ12460B) |
| v. | |
| JOSE R., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, Michael J. Imhoff, Commissioner.  Affirmed.

Toni Taylor Buck, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Lisa M. Maldonado, Deputy County Counsel, for Plaintiff and Respondent.

Joanne Willis Newton, under appointment by the Court of Appeal, for Minor.

Jose R. appeals juvenile court jurisdictional and dispositional orders concerning his son, Raul B. He contends there was no need for the court to retain jurisdiction at the dispositional hearing; the decision was impermissibly based on his immigration status; and the services the court ordered have no relation to the reasons it articulated for retaining jurisdiction. We affirm the orders.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2012, the San Diego County Health and Human Services Agency (the Agency) petitioned on behalf of two-year-old Raul under Welfare and Institutions Code section 300, subdivision (b),[1] alleging his mother, Martha B., used methamphetamine, and she obtained the drug for others and acknowledged Raul was with her when she purchased the drug. The petition also alleged methamphetamine was found in the truck in which Martha and Raul were residing, and Raul was dirty and did not have proper shoes and clothing for the weather. The court ordered Raul detained with Jose and ordered supervised visitation for Martha.

Jose said he visited Raul several times each week and often cared for him on weekends. He said he did not know about Raul's living conditions, but he had been worried about the people with whom Martha associated and had noticed Raul was often dirty when Martha brought Raul to visit. He said he had asked Martha to leave Raul with him because he knew she was unemployed, and he had obtained paperwork to pursue

---

[1]     Statutory references are to the Welfare and Institutions Code.

custody orders, but had not followed through to seek custody because he was afraid Martha would make good on her threats to have him deported. He said he had not suspected Martha was using drugs in the past when they lived together. Jose's sister (the aunt) lived with Jose and cared for Raul while Jose was at work. The aunt said Jose often purchased new clothes for Raul because Martha did not provide appropriate clothing.

The social worker reported Jose had been deported in the past because of his immigration status. He has had three prior arrests and one criminal conviction for being under the influence of alcohol. The social worker noted that when she saw Raul at Jose's home, he appeared happy and content, but was thin and had dark circles under his eyes. The social worker advised Jose to be proactive about maintaining Raul's health and recommended Jose participate in parenting education.

At the jurisdictional and dispositional hearing, the court found the allegations of the petition to be true. It declared Raul a dependent child of the court, ordered him placed with Jose under section 361.2, subdivision (b)(3), ordered Jose be provided with services and approved his case plan, which included parenting education and training and random drug testing. It denied services for Martha and continued jurisdiction.

DISCUSSION

Jose contends substantial evidence was not presented to show continued court jurisdiction was necessary. He argues the court impermissibly considered his immigration status in retaining jurisdiction, and the services the court ordered have no relation to the reasons it articulated for continued jurisdiction.

3

Section 361.2, subdivision (a) provides that when a court orders removal of a child from a custodial parent under section 361, if the noncustodial parent requests custody, the court must place the child with the noncustodial parent unless it finds such placement would be detrimental to the child.

Under section 361.2, subdivision (b), the court then decides whether there is a need for ongoing supervision. If there is no need for ongoing supervision, the court terminates jurisdiction and grants the parent sole legal and physical custody. If there is a need for ongoing supervision, the court continues jurisdiction.[2] (*In re Austin P.* (2004) 118 Cal.App.4th 1124, 1131.) Under section 361.2, subdivision (b)(3), "the court may order that services be provided solely to the parent who is assuming physical custody in order to allow that parent to retain later custody without court supervision . . . ." "When deciding whether to terminate dependency jurisdiction under section 361.2 following placement of a child with a previously noncustodial parent, the court determines only whether there is a need for continued supervision, not whether the conditions that justified taking jurisdiction in the first place still exist . . . ." (*Bridget A. v. Superior Court* (2007) 148 Cal.App.4th 285, 315, fn. 19.)

---

[2]    Section 361.2, subdivision (b) states if the court places the child with the noncustodial parent it may (1) order that the parent become the legal and physical custodian of the child and terminate jurisdiction; (2) order that the parent assume custody subject to the court's jurisdiction and require the social worker to conduct a home visit within three months; or (3) order that the parent assume custody subject to the supervision of the court and order services be provided to one or both parents.

When the need for continuing supervision is challenged on appeal, we consider the record favorably to the order and determine whether substantial evidence supports the court's order. (*In re Austin P., supra,* 118 Cal.App.4th at p. 1134.)

Substantial evidence supports the court's decision to continue jurisdiction. The court reasoned with continued court jurisdiction Jose would be better equipped to deal with coercive tactics like those Martha had used in the past when she threatened to report him to authorities so that he would be deported. The court stated,

> "I think with court supervision there is more support that can be given to [Jose] that, should he be confronted with those coercive tactics on the part of [Martha], he would feel that he has a support system that he can turn to that he can trust in order to maintain custody of his son. And one of the elements under [section 361.2] subdivision [(b)(3)] is for the court to order services to a parent in order to support continued custody of the child with the parent into the future."

The record shows continued supervision would support Jose's ability to maintain custody. It also shows parenting education would be beneficial to Jose because Raul had shown some concerning behaviors, including displaying aggression, throwing tantrums and having delayed speech. The aunt noted the family was concerned that Raul was not speaking, but attempting to communicate by grunting and pointing. The order for parenting education was appropriate to aid Jose to be successful in providing care and maintaining custody in the future. It was also reasonable for the court to order substance abuse testing because Jose had been arrested for abusing alcohol in the past, and he had denied he had been aware of Martha's substance abuse when she was caring for Raul.

5

We reject Jose's argument that the court erred by considering his immigration status in deciding to continue jurisdiction. Section 361.2, subdivision (e) states that when the court orders removal of a child from the custodial parent it shall order the care, custody, control and conduct of the child to be under the supervision of the social worker who may place the child "in the home of the noncustodial parent regardless of the parent's immigration status." Raul was placed with Jose without regard to Jose's immigration status in accordance with the statute. The court stated there was no dispute in the record that Raul should be placed with Jose. It considered his immigration status only in the context of deciding that continued jurisdiction was necessary based on the fact that Jose said he had been afraid to seek custody of Raul in the past because Martha "often threatened to call the police or immigration to have him deported . . . ."

Substantial evidence supports the court's order continuing jurisdiction and ordering services as necessary to aid Jose in maintaining successful long-term custody of Raul in the future. Jose has not shown error.

DISPOSITION

The orders are affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

7